IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
MAY 18 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**John Wayne Brown,**
**Petitioner,**

v. 1:10cv162 (JCC/IDD)

**Commonwealth of Virginia and**
**Warden Everett,**
**Respondents.**

MEMORANDUM OPINION

John Wayne Brown, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of grand larceny in the Circuit Court of Gloucester County. Respondent has filed a Rule 5 Answer and Motion to Dismiss with a supporting memorandum of law and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a rebuttal to respondent's motion, along with an affidavit and Statement of Disputed Facts. Petitioner also has filed a number of affidavits in support of his various claims. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed. Also pending before the Court are petitioner's motions for an evidentiary hearing and appointment of counsel, which will be denied.

## I. Background

On July 25, 2006, a jury trial in the Circuit Court of Gloucester County, Virginia resulted in petitioner's conviction of grand larceny. Case No. CR06000062-00. The opinion of the Court of Appeals of Virginia issued on petitioner's direct appeal reflects the following underlying facts:

> [T]he evidence proved that on the morning of December 15, 2005,

> Ricky Belvin arrived at his place of employment, a gas line installation company, and discovered that a lock and chain were missing from a gate that is normally secured at that time of day. Manager Alvin B. Fulcher arrived, and the two men discovered that a large pile of scrap copper tubing was missing from the premises. Fulcher and Belvin each testified that approximately 300 to 350 pounds of copper had been stolen.
>
> Judith Aldridge, an employee at a metal company, testified that on the morning of December 15, appellant arrived and sought to sell approximately 200 pounds of scrap copper. Aldridge gave appellant $295.20 in exchange for the metal.
>
> Fulcher learned of the sale and examined the copper purchased by Aldridge. He identified that copper as that belonging to his company based on lot numbers, dates, and the presence of the remnants of yellow plastic coating.

Brown v. Commonwealth, R. No. 2046-06-1 (Va. Ct. App. Feb. 8, 2007), slip op. at 1 - 2; Resp. Ex. 1. On July 26, 2006, Brown was sentenced to serve nine (9) years in prison. Resp. Ex. 3 at 2.

Petitioner prosecuted a direct appeal of his convictions to the Court of Appeals of Virginia, raising the following claims:

1. The evidence was insufficient to find him guilty of larceny.

2. The evidence was insufficient to find him guilty of grand larceny.

Resp. Ex. 2. On February 8, 2007, petitioner's appeal was denied. Brown v. Commonwealth, supra. A three-judge panel of the Court of Appeals subsequently reviewed and denied the petition "for the reasons stated in the order entered ... on February 8, 2007." Resp. Ex. 3. The Supreme Court of Virginia refused Brown's petition for further review. Brown v. Commonwealth, R. No. 071208 (Va. Oct. 19, 2007); Resp. Ex. 5.

On August 13, 2008, Brown filed a petition for a state writ of habeas corpus in the Circuit

Court of Gloucester County, alleging the following grounds for relief:

1. His attorney provided ineffective assistance by failing to prepare a defense and properly investigate the case.

2. His right to due process was violated by prosecutorial misconduct.

3. His attorney was ineffective for failing to object to improper comments by the prosecutor.

4. The trial judge erred by failing to recuse himself.

5. His attorney rendered ineffective assistance by failing to move for the judge's recusal.

6. His attorney was ineffective for failing to appeal the issue of res gestae.

7. He was convicted by a biased jury.

8. His attorney provided ineffective assistance by failing to move to strike certain jurors, object to the panel, and raise the issue of jury bias on appeal.

9. The prosecutor failed to disclose exculpatory evidence.

10. His attorney performed ineffectively by failing to obtain exculpatory evidence.

11. His attorney rendered ineffective assistance for failing to advise him adequately regarding a plea offer.

12. His attorney was ineffective for failing to object to the sentence and to challenge it on appeal.

Resp. Ex. 7. By Order entered September 30, 2008, the Circuit Court dismissed the petition. Resp. Ex. 8. The Supreme Court of Virginia refused Brown's petition for appeal of that judgment on October 21, 2009, Brown v. Warden, R. No. 082196 (Va. Oct. 21, 2009); Resp. Ex. 9, and denied his motion for rehearing on January 19, 2010. Resp. Ex. 10.

Brown timely initiated the instant action by filing a motion for appointment of counsel to assist him in preparing a petition for a writ of habeas corpus on February 22, 2010. Pursuant to instructions from the Court, Brown submitted an amended habeas corpus application on April 20, 2010, reiterating the same claims he made on direct appeal and in his state habeas corpus proceeding. (Docket # 5). As noted above, respondent has filed a Rule 5 Answer to the petition, as well as a Motion to Dismiss Brown's claims with a supporting brief and exhibits. (Docket ## 22 -24) Brown has submitted a rebuttal to the motion to dismiss, accompanied by an affidavit and a Statement of Disputed Facts. (Docket ## 27 - 29) Respondent acknowledges that the claims raised in this petition were exhausted in the state forum.[1] Accordingly, this matter is now ripe for review.

## II. Procedural Bar

On federal habeas corpus review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not

[1]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. Based upon these principles, Claims 1(a), 1(b) and a portion of Claim 2 of this petition are procedurally barred from federal review.

In the state habeas corpus proceeding, the trial court expressly determined that claims 2 (prosecutorial misconduct), 4 (judge's recusal), 7 (jury bias) and 9 (prosecutions' failure to disclose exculpatory evidence) could have been raised at trial or on appeal, and hence were barred by Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974). Resp. Ex. 8 at 2 - 3. Because the trial court's order was the last reasoned state court decision on the claims, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the state court's express findings that Slayton barred review of claims 2, 4, 7 and 9 of Brown's state habeas corpus petition also preclude federal review of those claims. Clanton, 845 F.2d at 1241.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

When petitioner was directed in the Order of July 26, 2010 to show cause why the claims at

issue should not be barred from federal habeas review due to their procedural default in the state forum, he responded by arguing essentially that his procedural defaults of his claims should be excused because they resulted from ineffective assistance of counsel. However, it is well established that a meritless ineffective assistance of counsel claim cannot excuse a procedural default. Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). Here, petitioner has raised separate federal claims of ineffective assistance concerning the substantive errors asserted in claims 2, 4, 7 and 9 of his state habeas corpus petition, and as will be discussed infra, his claims of ineffective assistance are without merit. Therefore, corresponding claims 4, 6, 9 and 11 of this federal petition are procedurally defaulted from consideration on the merits.

## III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## IV. Merits

Claims 1 and 2

In his first two claims, Brown argues that the evidence adduced at trial was insufficient to establish his guilt of larceny and grand larceny. When he made these same claims on direct appeal, the Virginia Court of Appeals found them to be without merit for the following reasons:

> Larceny
>
> 'Once [larceny] is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor.' Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987).
>
> Within hours of the scrap copper being removed form the company's property, appellant sold metal linked to that company. Appellant possessed the stolen property a short time after the theft, and the jury permissibly concluded appellant was the person who stole it.
>
> Value
>
> Appellant asserts the Commonwealth failed to establish that all the copper he sold to the metal company was stolen from the gas line installation company and that, therefore, the evidence did not demonstrate the value of the stolen property exceeded two hundred dollars.
>
> Value, like any other fact in a case, may be proved by circumstantial evidence. See Veney v. Commonwealth, 212 Va. 805, 806, 188 S.E.2d 80, 81 (1972). '[D]irect proof of a fact is not essential if circumstantial evidence proves the same fact and at the same time excludes every reasonable hypothesis to the contrary.' Id.
>
> Witness testimony established that a large quantity of scrap copper had been stolen on the morning of December 15. The employees estimated the missing metal weighed over 300 pounds. That same morning appellant sold approximately 250 pounds of copper to the metal company and received nearly $300 in return. Fulcher linked the metal sold by appellant to the metal stolen from the company. The jury reasonably concluded appellant stole all the missing metal from the company and that even if the metal sold by appellant was only partially from the gas line company, the value of the entire stolen

> property exceeded two hundred dollars.
>
> The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny.

Brown v. Commonwealth, R. No. 2046-06-1, slip op. at 2 - 3.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Brown guilty of both the larceny and the grand larceny with which he was charged.[2] See Jackson, 443 U.S. at 319. Therefore, the state courts' denial of relief on petitioner's first two claims was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412-13.

---

[2]Pursuant to Virginia Code § 18.2-95 (ii), grand larceny is committed when a person commits simple larceny not from the person of another of goods valued at $200 or more.

Claim 3

In his third claim, Brown argues that he received ineffective assistance of counsel because his attorney failed to prepare a defense or properly investigate the case. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Controlling precedent teaches that such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland

test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Here, petitioner accuses his attorney of ineffective performance because petitioner allegedly gave counsel names of witnesses who should have been called at trial. However, review of the trial record reveals the following exchange:

> THE COURT: Have you given [defense counsel] Mr. Langhorne the names of any witnesses that you think can help you, and if you have, are they here today?
>
> BROWN: Yes, sir, to the best of my knowledge.
>
> THE COURT: All right. I notice that there was a witness over there that went out. How many witnesses do you have?
>
> MR. LANGHORNE: Judge, we have no witnesses subpoenaed.
>
> * * *
>
> THE COURT: All right. Are you ready for trial today, Mr. Brown?
>
> BROWN: As far as I can tell, yes, sir.

Tr. 5/9/06 at 11 - 12.

Petitioner acknowledges that his attorney adopted a strategy of not presenting any defense witnesses, including petitioner himself, because of petitioner's lengthy criminal record. The state habeas court found as fact that petitioner agreed with that strategy, Resp. Ex. 8 at 2, and its finding is amply supported by the foregoing colloquy. It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation . . . are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579

(2009), quoting Strickland, 446 U.S. at 690-91. In particular, "[w]here a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." United States v. Weaver, 882 F.2d 1128, 1140 (7th Cir. 1989). For these reasons, it is apparent that claim 3 this petition is without merit.

Moreover, petitioner fails to identify the witnesses he allegedly proposed to counsel, nor does he proffer the substance of their testimony. These failures to identify the allegedly missing witnesses and to provide affidavits to verify their testimony are fatal to petitioner's claim of ineffective assistance. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie). The remainder of petitioner's arguments under this point - that his attorney should have presented evidence that the police tried to coerce a confession from him and failed to obtain written statements from the Commonwealth's witnesses - fare no better, because petitioner fails to show how he was prejudiced by these asserted shortcomings. Accordingly, the state court's dismissal of this claim constituted a reasonable application of Strickland, supra, and the claim thus also must be dismissed here. Williams, 529 U.S. at 412-13.

Claim 5

In his fifth claim, petitioner argues that his attorney provided ineffective assistance by failing to object to improper comments by the prosecutor. The statement to which petitioner believes his counsel should have objected was the Commonwealth Attorney's explanation of circumstantial evidence to the jury during voir dire: "It is the type of thing where if stolen property is found in your


home, that's circumstantial evidence that you probably stole that property." Tr. 5/9/06 at 27. However, what the prosecutor stated was an accurate definition of circumstantial evidence, which under Virginia law can be used to prove theft. See Roberts v. Commonwealth, 230 Va. 264, 270, 337 S.E. 2d 255, 259 (1985). Therefore, petitioner's contention that his attorney should have objected to the prosecutor's statement satisfies neither prong of the Strickland analysis, and claim 5 warrants no federal relief.

Claim 7

In his seventh claim, petitioner asserts that he received ineffective assistance of counsel because his lawyer failed to move for the trial judge's recusal. According to petitioner, the judge should have been asked to recuse himself because he previously had presided over a trial where petitioner was found guilty, and had prosecuted petitioner while serving as the Commonwealth's Attorney. However, neither of these arguments provides a basis for recusal under Virginia law. See Davis v. Commonwealth, 21 Va. App. 587, 466 S.E.2d 741 (1996) (judge who formerly prosecuted defendant need not recuse); Stockton v. Commonwealth, 227 Va. 124, 141, 314 S.E.2d 371, 382 (1984), cert. denied, 469 U.S. 873 (1984) (presiding at prior trial not a reason for recusal). Therefore, counsel's failure to move for the court's recusal on either or both of the bases petitioner now suggests did not amount to deficient performance and caused petitioner to suffer no prejudice, so claim 7 is without merit. Cf. Strickland, supra.

Claim 8

In his eighth claim, petitioner faults his counsel for failing to appeal the issue of "res gestae." At the close of the Commonwealth's evidence, defense counsel argued in part that the Commonwealth's case should be stricken because had failed to produce either the stolen copper or a properly authenticated photograph of the copper. Tr. May 9, 2006 at 101 - 02. The trial court

overruled the motion. Id. at 102. Petitioner's present argument that the failure to challenge that ruling on direct appeal amounted to ineffective assistance fails for two reasons. First, it is well established that the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel is not constitutionally required to address every colorable issue. Jones v. Barnes, 463 U.S. 745, 751-52 (1983); Morrisette v. Warden, 270 Va. 188, 191, 613 S.E. 2d 551, 555 (2005). Second, petitioner's apparent belief that a larceny conviction cannot stand under Virginia law absent introduction of the stolen goods or their photograph is incorrect. To the contrary, "[t]he corpus delicti [in a prosecution for theft] may be established by circumstantial evidence as well as by direct evidence." Wilson v. Commonwealth, 200 Va. 26, 33, 255 S.E.2d 464, 468 (1979). In this case, the Virginia Court of Appeals considered a challenge to the sufficiency of the Commonwealth's circumstantial evidence of petitioner's guilt of grand larceny on direct appeal, and determined that the evidence as a whole "was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny." Brown, R. No. 2046-06-1, slip op. at 3. The Supreme Court of Virginia subsequently refused to review that holding. Brown, R. No. 071208. Under these circumstances, it is apparent that an appellate challenge to the sufficiency of the circumstantial evidence that established the corpus delicti would have fared no better. Accordingly, the denial of relief on this claim in the state habeas corpus proceeding was both factually reasonable and in accord with Strickland, supra, so the same result must pertain here. Williams, 529 U.S. at 412-13.

Claim 10

In his tenth claim, petitioner argues that he received constitutionally deficient representation when his attorney failed to move to strike certain jurors, object to the jury panel, and raise the issue of jury bias on appeal. Specifically, petitioner contends that numerous jurors should have been

stricken because they bought fuel from the company that owned the copper tubing, knew the owner or an employee of that business, had been victims of crime, had relatives who were incarcerated, or questioned the efficacy of circumstantial evidence. However, all of these individuals stated during voir dire that these factors would not prevent them from returning an impartial verdict. Tr. 5/9/2006 at 24 - 25, 36, 47. Virginia law presumes that in most cases a juror who states that he can overcome potential bias is capable of sitting impartially in judgment of the accused. See Briley v. Commonwealth, 221 Va. 532, 273 S.E.2d 48, 52 (1980), cert. denied, 451 U.S. 1031 (1981). Per se exclusions from jury service in Virginia are limited to instances where a venire member had knowledge of the defendant's prior conviction and sentence, Barker v. Commonwealth, 230 Va. 370, 375, 337 S.E.2d 729, 733 (1985); was closely related to the victim, Gray v. Commonwealth, 226 Va. 591, 593, 311 S.E.2d 409, 410 (1984); was a stockholder in a victim bank, Salina v. Commonwealth, 217 Va. 92, 94, 226 S.E.2d 199, 200 - 01 (1976); or was the client of a law firm representing a party, Cantrell v. Crews, 259 Va. 47, 50, 523 S.E.2d 502, 504 (2000). Patently, none of those instances apply here, and none of the objections petitioner suggests would have supported the strike of a juror for cause. Thus, counsel cannot have been ineffective for failing to move to strike the venire members in this case, and the absence of any cause to strike the potential jurors also renders untenable petitioner's claim that the jury that heard his case was biased. The state habeas court's determination that "there was no basis for striking any of the jurors allowed to sit on the jury and ... the jury was unbiased," Resp. Ex. 8 at 2 - 3, accordingly was a reasonable determination of fact, and the conclusion that counsel did not perform ineffectively with respect to the jury was in accord with Strickland, supra. Therefore, claim 10 also must be rejected here. Williams, 529 U.S. at 412-13.

Claim 12

In his twelfth claim, petitioner argues that he received ineffective assistance when his

attorney failed to obtain exculpatory evidence. However, the "evidence" suggested by Brown is entirely speculative. At trial, an employee of a metals company testified that Brown came to her workplace and sold her business copper gas line tubing that weighed 246 pounds. Tr. 5/9/2006 at 85 - 87. Later, when people from the company that owned the tubing came to remove it, the copper was reweighed, id., and petitioner argues that counsel should have explored whether the reweighing resulted in a new, exculpatory weight for the copper. However, petitioner's hypothesis is contradicted by additional testimony from the employee that no additional copper had been added to the box where petitioner's copper had been placed, and all of the copper he had sold her company was retrieved by its owner. Id. at 90 - 91. Thus, the record is devoid of any indication that the exculpatory evidence petitioner now posits existed, so counsel cannot have erred or caused petitioner to suffer prejudice when he failed to inquire as to the results of the reweighing of the copper. Accordingly, ineffective assistance has not been demonstrated, and habeas corpus relief is not warranted. Cf. Strickland, supra.

Claim 13

In his thirteenth claim, petitioner charges his attorney with rendering ineffective assistance for failing to advise petitioner adequately regarding a plea offer. According to a letter from counsel dated June 6, 2006 which petitioner included as an exhibit to his state petition for a writ of habeas corpus, at a preliminary hearing on December 12, 2005, the grand larceny charge was reduced to a misdemeanor, but petitioner appealed, the misdemeanor was nolle prossed, and the Commonwealth indicted petitioner back on the original felony charge. At that time, before trial was set, the Commonwealth was willing to let the case go as a misdemeanor with a 90-day jail sentence, and counsel reminded petitioner that "the Commonwealth's case is completely circumstantial but the evidence is that you were in possession of recently stolen property. Your prior record makes it

impossible for you to take the stand and testify to explain how you acquired the copper tubing, or anything else for that matter." Therefore, counsel advised petitioner to "accept the Commonwealth's offer and not again put your fate in the hands of a jury. ... [I]t is not in your best interest to risk a trial on a felony when the Commonwealth has offered a misdemeanor disposition with an active jail sentence which is likely less than you would receive from a jury. My advice continues to be that you accept the Commonwealth's offer." Resp. Ex. 7, App. 6. Thus, petitioner's own evidence demonstrates that counsel advised, and even urged, petitioner to take the plea deal offered by the Commonwealth.

To show that he was prejudiced by counsel's efforts in this regard, petitioner must demonstrate that he would have pleaded guilty but for counsel's allegedly improper advice regarding the plea offer. United States v. Day, 969 F.2d 39, 45 (3d Cir. 1992). Here, however, petitioner makes no such allegation, and in fact admitted on the record that the decision to forego the plea offer was his own, when he told the court at sentencing:

> [The Commonwealth] asked me to take a plea of ninety days in this matter, Your Honor. At the time, I had discussed the matter with my attorney several times. He had gone over the Commonwealth's record. The case was circumstantial. We firmly believed, especially me, I firmly believed I was going to beat the case. I didn't have any idea I would be found guilty.
>
> My lawyer, like any lawyer, he cannot guarantee that. This man did not guarantee me a win. He stated I had a chance of beating the case. I'm trying to emphasize that because I don't want to put a bad light on Mr. Langhorne. Now, based on him telling me I had a chance of beating the case and my knowledge of it, I elected to go to trial with the jury on that reason. And things went totally in the direction that I didn't even think possible ....

Tr. 7/25/2006 at 12.

Under these circumstances, the state courts' finding that counsel did not render ineffective

assistance in connection with the Commonwealth's plea offer was based on a reasonable determination of the facts and was in accord with Strickland, supra. Federal relief on the claim thus is foreclosed. Williams, 529 U.S. at 412-13.

Claim 14

In his fourteenth claim, petitioner contends that his attorney was ineffective for failing to object to the sentence petitioner received and to challenge it on appeal. However, petitioner's sentence of nine (9) years in prison was well within the statutory maximum permitted for grand larceny in Virginia. See Va. Code §18.2-95 (making grand larceny punishable by imprisonment for up to twenty years). Therefore, as the state habeas court found, there was no basis on which counsel could have challenged petitioner's sentence. Resp. Ex. 8 at 3; see Abdo v. Commonwealth, 218 Va. 473, 237 S.E.2d 900, 903 (1977) ("We have held in numerous cases that when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.") Because the state courts' rejection of this claim thus was factually reasonable and in accord with applicable federal authority, Strickland, supra, it likewise must be rejected here. Williams, 529 U.S. at 412-13.

**V. Petitioner's Pending Motions**

Also pending before the Court are petitioner's renewed motions for an evidentiary hearing in this action and for the appointment of counsel. A federal court must grant an evidentiary hearing to a habeas applicant where: (1) the merits of the factual dispute were not resolved in a state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not

afford the habeas petitioner a full and fair fact hearing. Townsend v. Sain, 372 U.S. 293, 313 (1963). Here, as petitioner's claims demonstrably can be thoroughly addressed on the existing record, and because he is not entitled to further evidentiary development of his claims pursuant to any of the Townsend factors, petitioner's request for an evidentiary hearing is without merit and will be denied. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006) (noting that a habeas petitioner is entitled to an evidentiary hearing in federal court if he can establish one of the six factors enumerated in Townsend).

As to petitioner's request for the appointment of counsel, there is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). A court may provide counsel for an indigent habeas applicant when "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(2)(B), but Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures," and Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Pursuant to these authorities, petitioner is not entitled to counsel in this proceeding, and his Motion to Appointment Counsel will be denied.

**VI. Conclusion**

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition

will be dismissed. Petitioner's motions for an evidentiary hearing and the appointment of counsel will be denied. An appropriate Order shall issue.

Entered this 18th day of May 2011.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge